IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:16-CR-69-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ALFRED HANZY, | ) | |
| Defendant. | ) | |

This cause comes before the Court on defendant's motion to suppress [DE 56]. The government has responded and the matter is ripe for ruling. A hearing was held before the undersigned in Raleigh, North Carolina on April 19, 2018. For the following reasons, the motion is denied.

## BACKGROUND

On November 4, 2015, using a confidential informant, two officers with the Lenoir County Sheriff's Office conducted a controlled purchase of crack cocaine at a trailer located at 4655 Sleepy Fox Drive in Grifton, North Carolina. Based on this, one of the officers, Sgt. Villagra, applied for and received a search warrant to search the residence. Superior Court Judge Benjamin G. Alford signed the warrant on November 6, 2015. The warrant identified the location to be searched, Hanzy's residence, as where the controlled purchase had occurred. The warrant was executed on November 6, 2015. A grand jury returned an indictment against Hanzy on November 21, 2016, charging him with possession with the intent to distribute a quantity of cocaine and cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1), and maintaining a dwelling for the purpose of manufacturing, distributing, and using controlled substances, in violation of 21 U.S.C. § 856(a)(1).



Now, defendant has moved to suppress the evidence discovered following the execution of the search warrant, including his statement to law enforcement. Defendant argues that the warrant is facially invalid as it does not provide enough information to support a finding of probable cause.

## DISCUSSION

Defendant challenges the search warrant as not being supported by probable cause. Specifically, defendant argues that the information provided to the superior court judge does not provide sufficient details to support the conclusions presented in the affidavit. Defendant claims the affidavit does not contain sufficient details to connect the controlled purchase to this defendant, such as the specific date and time of the alleged purchase.

The Fourth Amendment provides in relevant part that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. "The Fourth Amendment generally requires the police to obtain a warrant before conducting a search." *United States v. Kelly*, 592 F.3d 586, 589 (4th Cir. 2010). In order to satisfy the Fourth Amendment a search warrant must be supported by probable cause. *United States v. Harris*, 403 U.S. 573, 577 (1971). "When reviewing the probable cause supporting a warrant, a reviewing court must consider only the information presented to the magistrate who issued the warrant." *United States v. Wilhelm*, 80 F.3d 116, 118 (4th Cir. 1996) (citing *United States v. Blackwood*, 913 F.2d 139, 142 (4th Cir. 1990)). In deciding whether there is probable cause, an officer of the court evaluates the totality of the circumstances. When a magistrate or other officer—such as a superior court judge, as here—determines there is probable cause, that determination gets great deference. *Illinois v. Gates*, 462 U.S. 213, 238.

There is probable cause to search when "there are reasonably trustworthy facts which, given the totality of the circumstances, are sufficient to lead a prudent person to believe that the items sought constitute fruits, instrumentalities, or evidence of crime and will be present at the time and place of the search." *United States v. Suarez*, 906 F. 2d 977, 984 (4th Cir. 1990). A warrant is deficient when it is based on an affidavit that does not provide the magistrate or court officer with enough facts to make an independent determination of probable cause. *United States v. Leon*, 468 U.S. 897, 915 (1984). An insufficient affidavit, or "bare bones" affidavit, is one based on conclusory statements and bare assertions. *Id.* at 923; *United States v. DeQuasie*, 373 F.3d 509, 512 (4th Cir. 2004).

Here, the affidavit provided the following information: it represents that crack cocaine had been sold to a confidential informant, who was known to be trustworthy and reliable. The controlled purchase had occurred at the home within 48 hours of the application. It lists the officers involved and the address in question, and notes that the address is Hanzy's residence. The affidavit is neither conclusory nor bare bones as the Fourth Circuit has described those terms. *See United States v. Wilhelm*, 80 F.3d 116, 121 (4th Cir. 1996) (warrant was based on a single anonymous tip); *United States v. Brown*, 958 F.2d 369 (4th Cir. 1992) (warrant was based on four-month old activity, with no indication it was still ongoing).

Thus, the Court holds that the judge "had a substantial basis for concluding that probable cause existed," *Gates*, 462 U.S. at 238-39. Accordingly, the warrant was validly issued and the evidence seized, including defendant's statement, should not be suppressed.

## CONCLUSION

For the above reasons, defendant's motion to suppress [DE 56] is DENIED.

SO ORDERED, this the 19 day of April, 2018.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE